**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bahig Saliba, | No. CV-25-03511-PHX-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| American Airlines Incorporated, | |
| Defendant. | |

Pending before me is Defendant American Airlines, Inc.'s ("American Airlines") Motion to Dismiss (Doc. 10 ("Motion")). For the following reasons, the Motion will be **granted**.

## I.    BACKGROUND

Plaintiff Bahig Saliba is a former American Airlines pilot with approximately twenty-seven years of seniority who was based out of the airline's Phoenix hub. (Doc. 1-1 at 8.) American Airlines terminated his employment on December 11, 2024. (*Id.* at 9.) His three claims arise from two disputes with American Airlines concerning the COVID-19 pandemic.

First, Saliba objected to American Airlines' policy requiring pilots to wear masks while on duty. (*See e.g.*, *id.* at 11, 20.) On December 6, 2021, American Airlines removed Saliba from active service and placed him on administrative leave pending an investigation into an alleged violation of American Airlines' masking policy. (*Id.* at 27.) Saliba takes the position that the masking policy interfered with his Federal Aviation Administration

("FAA") medical certification and his authority to determine his own fitness for duty. (*Id.* at 11, 16–17.)

Second, Saliba objected to American Airlines' policy requiring pilots to be vaccinated against COVID-19, which he alleges accepted the Johnson & Johnson vaccine as satisfying the requirement even after the FAA had "paused" pilot use of that vaccine over concerns about rare blood-clotting side effects. (*Id.* at 9–10, 21.)  On December 30, 2021, Saliba disclosed the alleged FAA "pause" to American Airlines and asserted that its vaccination policy potentially resulted in pilots operating aircraft without valid FAA medical certifications. (*Id.* at 9–10, 28.)

Saliba brings three claims under Arizona law.  Claim One alleges wrongful termination under Arizona Revised Statutes Section 23-1501(A)(3)(c)(i), which makes it unlawful for an employer to terminate an employee in retaliation for the employee's "refusal . . . to commit an act or omission that would violate" Arizona law.  Saliba alleges that he was fired because he refused to comply with American Airlines' masking policy, which he contends violated two Arizona laws—Sections 28-8271 and 28-8280 of the Arizona Revised Statutes.  Those sections (1) require pilots to hold "the class of license that is required by the United States or the federal agency," Ariz. Rev. Stat. § 28-8271(A), and (2) prohibit the "careless or reckless" operation of aircraft, with carelessness or recklessness determined by reference to "the standards for safe operation of aircraft prescribed by federal statutes or regulations governing aeronautics," Ariz. Rev. Stat. § 28-8280(A).  Saliba's theory is that because the masking policy invalidated his FAA medical certification and his ability to declare himself fit for duty, compliance with the policy would have caused him to violate Arizona's licensure and careless-and-reckless prohibitions. (Doc. 1-1 at 40–41.)  His alleged termination for refusing to comply with the masking policy therefore, in his view, violated Section 23-1501(A)(3)(c)(i).

Claim Two alleges wrongful termination under Arizona Revised Statutes Section 23-1501(A)(3)(c)(ii), which prohibits termination in retaliation for the employee's reasonable disclosure of "information or reasonable belief" that the employer is violating

the Constitution or laws of Arizona. Saliba alleges that he disclosed to American Airlines his belief that the FAA had "paused" pilot use of the Johnson & Johnson vaccine, and that American Airlines' continued acceptance of that vaccine during the pause invalidated pilots' FAA medical certification and, in turn, caused those pilots to violate the same Arizona licensure and careless-and-reckless prohibitions described above. (Doc. 1-1 at 42–43.) His alleged termination for that disclosure, in his view, violated Section 23-1501(A)(3)(c)(ii).

Claim Three alleges a violation of Arizona Revised Statutes Section 28-8208, which provides that "[a]ny crime, tort or other wrong that is committed by or against an aeronaut or passenger while in flight over [Arizona] is governed by [Arizona law]." Saliba alleges that American Airlines' conditioning of his compensation on adherence to its masking and vaccination policies violated Section 28-8208. (Doc. 1-1 at 43–44.)

Saliba filed his Complaint in the Superior Court of Arizona, Maricopa County, on August 25, 2025, and American Airlines removed the action on September 24, 2025. (*See generally* Doc. 1.) American Airlines filed the Motion to Dismiss on October 2, 2025. (Doc. 10.) Saliba responded (Doc. 17), and American Airlines replied (Doc. 18).[1]

American Airlines moves to dismiss all three claims under Federal Rule of Civil Procedure 12(b)(6).[2] It argues, among other things, that Claims One and Two are preempted by the Federal Aviation Act of 1958 ("Act"), 49 U.S.C. §§ 40103 *et seq.*, and that Claim Three fails because Arizona Revised Statutes Section 28-8208 does not provide a private cause of action. (*See* Doc. 10 at 9–12, 14–15.) I resolve the motion on those grounds and do not reach American Airlines' remaining arguments.

---

[1] The parties did not request oral argument, and it is not necessary, so this motion is decided without holding a hearing. *See* LRCiv 7.2(f).

[2] American Airlines also moves to dismiss under Rule 12(b)(1) arguing that Saliba's claims are "wholly insubstantial." (Doc. 10 at 6–9.) I disagree. Saliba's Arizona statutory theories are neither fictitious nor frivolous in the *Hagan v. Lavine*, 415 U.S. 528, 537 (1974), sense, and jurisdiction is proper. I proceed to American Airlines' Rule 12(b)(6) arguments.

## II.   LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true" and construed in a light most favorable to the plaintiff, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified).  A claim is plausible if the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  In making this determination, legal conclusions are not accepted as true, nor are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" considered.  *Id.*; *see also id.* ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (citation modified)).  That said, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need *detailed* factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (emphasis added).  A "well-pleaded complaint may proceed even if . . . actual proof of those facts is improbable, and [ ] a recovery is very remote and unlikely." *Id.* at 556 (citation modified).

I liberally construe the pleadings of pro se plaintiffs.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  Pro se complaints "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quotation marks omitted).  "A liberal construction of a pro se complaint, however, does not mean that [I] will supply essential elements of a claim that are absent from the complaint." *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022) (citing *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014)).

## III.   DISCUSSION

### A.   Preemption by the Federal Aviation Act

A claim that is preempted by federal law fails to state a claim upon which relief can be granted and must be dismissed under Rule 12(b)(6).  *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002) (motion to dismiss based on ERISA preemption is a merits decision on the pleadings, not a motion to dismiss for lack of jurisdiction).  Because the Act does not expressly preempt state law, "preemption, if any, must be implied." *Ventress*

*v. Japan Airlines*, 747 F.3d 716, 720 (9th Cir. 2014) (quoting *Montalvo v. Spirit Airlines*, 508 F.3d 464, 470 (9th Cir. 2007)).   Implied preemption arises when Congress has occupied a field so pervasively that it displaces state regulation.  *Id.* at 721.  The Ninth Circuit has applied that principle to aviation safety, holding that the Act and its implementing regulations "occup[y] the entire field of aviation safety," and that "pilot qualifications and medical standards for airmen . . . are pervasively regulated."  *Id.* (citation omitted).

In *Ventress*, the court applied these principles to hold that the Act preempted a flight engineer's state-law retaliation and constructive-discharge claims arising out of his employer's alleged retaliation for his safety reports about a fellow pilot's medical fitness. *Id.* at 722.  The Ninth Circuit held that those claims are preempted because they required the factfinder to "decid[e] questions of pilot medical standards and qualifications." *Id.* at 719, 721–22.  The court grounded that holding in the pervasiveness of the federal regulatory framework—one in which the FAA authorizes airman certificates for individuals qualified and physically able to perform their duties, prohibits service as an airman without such a certificate, and requires airmen to obtain and maintain a medical certificate administered by the Federal Air Surgeon under detailed medical standards.  *Id.* at 721–22.

As explained above, Claims One and Two turn on the same underlying question: whether American Airlines' masking and vaccination policies caused pilots to violate Arizona's aviation-safety statutes.  For Claim One, the factfinder would have to decide whether the masking policy would have caused Saliba to violate those statutes if he complied.  For Claim Two, the factfinder would have to decide whether Saliba reasonably believed the vaccination policy caused pilots to violate those statutes.  Either way, the operative Arizona statutes—Sections 28-8271 and 28-8280—cannot be applied without reference to federal aviation standards.  Section 28-8271 requires a pilot to hold the class of license "required by the United States or the federal agency," Ariz. Rev. Stat. § 28-8271(A), and Section 28-8280 directs courts to determine whether an operation is careless

or reckless by reference to "the standards for safe operation of aircraft prescribed by federal statutes or regulations governing aeronautics," Ariz. Rev. Stat. § 28-8280(A). A "violation" of these statutes necessarily is a violation of federal aviation law. Whether the masking and vaccination policies caused such violations—or whether Saliba could reasonably have believed they did—is inseparable from whether those policies were consistent with the FAA's medical certification standards and aviation-safety regulations. (*See* Doc. 1-1 at 41–43.)

That is exactly the inquiry *Ventress* holds is off-limits. Resolving either claim would require a factfinder to construe federal aviation medical standards and apply them to Saliba and American Airlines' pilot workforce. That is, Saliba's claims are, "little more than backdoor challenges to" American Airlines' aviation safety-related decisions under the Act. *Ventress*, 747 F.3d at 722.

Saliba's response does not persuade me otherwise. He argues that *Ventress* is distinguishable because he did not challenge the fitness for duty of any particular pilot. (Doc. 17 at 7–9.) But *Ventress* is not so narrow. The Ninth Circuit did not limit preemption to disputes about a specific pilot's fitness; it held that state-law claims requiring interpretation and application of FAA medical certification standards and aviation-safety regulations fall within the preempted field. *Ventress*, 747 F.3d at 721–22.

Saliba also invokes *Ventress's* recognition that the Act does not preempt "all retaliation and constructive termination claims" and that "Congress has not occupied the field of employment law in the aviation context." *Id.* at 722. But *Ventress* qualified that reservation in the same breath, making clear that federal law *does* preempt state-law claims that "encroach upon, supplement, or alter the federally occupied field of aviation safety and present an obstacle to the accomplishment of Congress's legislative goal to create a single, uniform system of regulating that field." *Id.* at 722–23. Saliba's claims fall within the second, preempted category, not the first. Indeed, the claims in *Ventress* sounded in state retaliation law, and the Ninth Circuit was explicit that whistleblower-type claims are preempted where they require the factfinder to intrude on the federally occupied field. *Id.*

at 722. Because Claims One and Two require the factfinder to intrude on that federally occupied field, the Act preempts them. Accordingly, Saliba fails to state a claim upon which relief can be granted as to Claims One and Two, and they will be dismissed.

### B.    Arizona Revised Statutes Section 28-8208

In Claim Three, Saliba alleges a violation of Arizona Revised Statutes Section 28-8208. (Doc. 1-1 at 43–44.) That statute provides only that "[a]ny crime, tort or other wrong that is committed by or against an aeronaut or passenger while in flight over this state is governed by the law of this state." Ariz. Rev. Stat. § 28-8208(A). By its terms, Section 28-8208 is a choice-of-law provision. It identifies which sovereign's law governs a wrong committed in Arizona's airspace; it does not itself create a substantive right or a private cause of action. *See id.* The burden is on the plaintiff to establish that a private right of action exists and "the statute must either explicitly create a private right of action or implicitly contain one." *Northstar Fin. Advisors, Inc. v. Schwab Invs.*, 615 F.3d 1106, 1115 (9th Cir. 2010). Section 28-8208 does neither.

Saliba effectively concedes as much in his response. Rather than defend Claim Three, he raises a new claim altogether by pivoting to Arizona Revised Statutes Sections 23-350, 23-352, and 23-355, which govern the withholding and recovery of wages. (Doc. 17 at 15–17.) This new theory appears nowhere in the Complaint, and a plaintiff cannot amend a complaint through a response brief. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

In any event, the theory fails on its own terms. Section 23-355 "protects employees from an employer's groundless refusal to pay compensation which was promised and which was due 'in return for work performed.'" *Schade v. Diethrich*, 760 P.2d 1050, 1061 (Ariz. 1988) (quoting *Nieto-Santos v. Fletcher Farms*, 743 F.2d 638, 642 (9th Cir. 1984)); *see also Moshir v. PatchLink Corp.*, 2007 WL 505344, at *4 (D. Ariz. Feb. 12, 2007) (dismissing wage claim where the plaintiff did not allege performance of the obligations for which compensation was sought). Saliba does not allege that American Airlines withheld pay for work he actually performed. (*See* Doc. 1-1 at 43–44.) His claim for

unearned wages falls outside Sections 23-352 and 23-355.[3]   Thus, Claim Three will be dismissed.

**C.    Leave to Amend**

A pro se litigant is typically entitled to an opportunity to amend before dismissal if the pleading can be cured by additional facts. *Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000).  But leave to amend may be denied where amendment would be futile, where the party has previously amended, or where the "movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Saliba's claims fail as a matter of law, not for want of factual detail.  Claims One and Two rest on legal theories preempted by the Act.  Claim Three rests on a statute that provides no private cause of action, and the wage-withholding theory Saliba raises for the first time in his response fails as a matter of law even if it had been properly pled.  No additional allegations would change that analysis.  Moreover, Saliba has litigated these same underlying events across multiple prior lawsuits in this District, several of which were dismissed without leave to amend.  *See, e.g.*, *Saliba v. Am. Airlines Inc.*, 2024 WL 2110348, at *2 (D. Ariz. May 10, 2024); *Saliba v. Am. Airlines Inc.*, 2023 WL 4365337, at *3 (D. Ariz. July 6, 2023).  Another opportunity to replead would not cure the defects identified above.

**IV.    CONCLUSION**

Saliba's claims fail as a matter of law.  Claims One and Two are preempted by the Act, and Claim Three rests on a statute that provides no cause of action.  American Airlines' Motion to Dismiss will be granted, and the Complaint will be dismissed with prejudice.

Accordingly,

///

///

---

[3]    *Laughlin v. Riddle Aviation Co.*, 205 F.2d 948, 949 (5th Cir. 1953), on which Saliba relies, involved recovery for work actually performed and does not support a different result.

- 8 -

**IT IS ORDERED** granting American Airlines, Inc.'s Motion to Dismiss (Doc. 10).

**IT IS FURTHER ORDERED** that Saliba's Complaint (Doc. 1-1) is dismissed with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and close this case.

Dated this 4th day of August, 2026.

Honorable Sharad H. Desai
United States District Judge